UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Willie M. Godley, | ) C/A No. 6:10-1071-HFF-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| North Carolina Department of Health and Human Services;<br>State of North Carolina, | ) |
| Defendants. | ) |

Introduction

Willie M. Godley ("Plaintiff"), proceeding *pro se*, brings this civil action against the State of North Carolina and a North Carolina state agency for violation of his constitutional rights.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. He seeks money damages and certain injunctive relief. The complaint should be dismissed based upon immunity.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128,

1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that the defendants "forcibly made" him the father of a child based solely upon the mother's accusations even though Plaintiff disputed that he is the father. Plaintiff seems to allege that the defendants listed on the child's birth certificate that he was the father and the defendants issued a ruling that he had to pay child support. Plaintiff alleges that as a result of his supposed paternity he was wrongfully "given 6 months in jail" and his tax refunds and earnings were taken from him. Plaintiff alleges that he eventually paid more than $400 for a DNA test to prove that he is not the father of the child. Plaintiff requests that his name be removed from the child's birth certificate. Also, Plaintiff seeks compensation for the loss of his tax refunds and for his pain and suffering of spending time in jail, for a total of $3 million.

## Discussion

"State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* One of the "essential attributes of

sovereignty retained by the states is immunity from suit absent their consent." *Id.* There are exceptions to a state's sovereign immunity, including that a state may waive sovereign immunity by consenting to suit in federal court, abrogation by Congress, and a suit for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law. *Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States). In fact, the Eleventh Amendment was adopted to prohibit a federal court from assuming jurisdiction over a suit brought by a citizen of one state against another state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (explaining that in 1793 a citizen in South Carolina sued the State of Georgia and the United States Supreme Court assumed original jurisdiction over the suit, and subsequently the Eleventh Amendment was adopted to overrule that result). The Eleventh Amendment also prevents a federal court from entertaining a suit brought by a citizen against the instrumentality of the state such that it is considered an arm of the state. *Peterson v. Davidson County Cmty. Coll.*, 367 F.Supp.2d 890, 892 (M.D.N.C. 2005) (noting that colleges, universities, and community colleges in North Carolina are arms of the state).

It appears that the State of North Carolina has not consented to suit in a federal

4

court. *See Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005) (noting that North Carolina may be sued for negligence before the North Carolina Industrial Commission but that North Carolina has not consented to suit in its own courts for claims of gross negligence or intentional torts); *Hooper v. North Carolina*, 379 F.Supp.2d 804, 812-13 (M.D.N.C. 2005) (explaining that "the State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act"). Further, it appears that the North Carolina Department of Health and Human Services is a state agency and arm of the State of North Carolina. *See* North Carolina DHHS Homepage, http://www.dhhs.state.nc.us/ (last visited May 12, 2010). Thus, because Plaintiff seeks money damages from both defendants, this action is barred in this court. Accordingly, the defendants should be dismissed without prejudice based upon Eleventh Amendment immunity.[2]

### Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process based upon immunity.[3] *See Neitzke v. Williams*,

---

[2] Even if Eleventh Amendment immunity is determined not to prevent Plaintiff's request for prospective injunctive relief, this court should abstain from hearing this case because it relates to the state's governance of an area of traditional state concern – family relations. *Cf. Harper v. Public Serv. Comm'n*, 396 F.3d 348, 352 (4th Cir. 2005). *See also Davis v. Singer*, 5:08-CV-186-FL, 2008 WL 2746840 (E.D.N.C. July 14, 2008) (noting that federal courts generally abstain from hearing child custody matters). Of course, the complaint does not seem to allege an ongoing violation of federal law, and, therefore, the prospective injunctive relief exception does not seem to apply.

[3] It appears that Plaintiff *may* be able to bring a suit in some North Carolina state forum. *See Hooper v. North Carolina*, 379 F.Supp.2d 804, 812-13 (M.D.N.C. 2005) (explaining that "the State of North Carolina has not waived its sovereign immunity

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                           s/Bruce Howe Hendricks
                                                           United States Magistrate Judge

May 13, 2010
Greenville, South Carolina

---

regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act"). Of course, Plaintiff may have already unsuccessfully brought his suit in a North Carolina state forum.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).